USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

WILLIE SIMS,

              Defendant.

No. 19 Cr. 857-01 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    By letter dated May 19, 2020, Defendant Willie Sims ("Defendant") moves to renew his request for temporary release pursuant to 18 U.S.C. § 3142. (ECF No. 83.) For the following reasons, Defendant's application is denied without prejudice.

    On or about April 1, 2020, Defendant requested a hearing before Magistrate Judge Judith C. McCarthy ("Judge McCarthy") seeking to be released on bail or alternatively, temporarily released pursuant to 18 U.S.C. § 3142 due to the COVID-19 pandemic. Following a hearing on April 3, 2020, Judge McCarthy granted Defendant's request for temporary release upon finding compelling reasons based on the Defendant's increased risk of serious complications if he contracts COVID-19 given his current medical conditions. Judge McCarthy issued a temporary stay of Defendant's release of upon the Government's objection and to allow the Government to appeal her determination. The Government immediately appealed Judge McCarthy's determination to this Court.

    On April 6 and 14, 2020, the parties appeared before this Court for the purpose of *de novo* review of Defendant's bail application and, alternatively, temporary release. Upon due consideration of the respective arguments, the relevant factors, and proffered documentary evidence, this Court determined that the Defendant poses a danger to the community and a flight risk, therefore warranting a denial of bail. The Court further found that although the Defendant proffered some evidence of a medical condition, he did not suffer from a serious health condition which made him susceptible to severe illness from the

1

COVID-19 disease based on current public health guidelines.  Moreover, the Court determined Defendant's medical condition did not outweigh his danger to the community and flight risk.

Presently before the Court is Defendant's renewed application for temporary release pursuant to 18 U.S.C. § 3142 based upon new medical evidence. 18 U.S.C. § 3142(i) provides, in relevant part, that a court may temporarily release a detained defendant to the custody of an "appropriate person" where such release is "necessary for preparation of the [defendant's] defense or for another compelling reason." The defendant bears the burden of demonstrating that temporary release is necessary under 18 U.S.C. § 3142(i).  See *United States v. Dupree*, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011). Compelling reasons may exist where the defendant's serious medical conditions warrant release. *See, e.g., United States v. Hernandez*, No. 19 CR. 169 (VM), 2020 WL 1503106, at *1 (S.D.N.Y. Mar. 30, 2020) (granting temporary release under § 3142(i) "based on . . . the unique confluence of serious health issues and other risk factors facing this defendant . . . which place him at a substantially heightened risk of dangerous complications should he contract COVID-19"); *United States v. Perez*, No. 19 CR. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (same); *see also United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009)   (explaining that a defendant who is denied bail "retains the ability to request[,] . . . in   extraordinary circumstances, . . . temporary release under § 3142(i)" should future developments with respect to his medical conditions so warrant); *United States v. Birbragher*, No. 07 cr-1023-(LRR), 2008 WL 1883504, at *2 (N.D. Iowa Apr. 25, 2008) (describing *United States v.  Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993), and *United States v. Cordero Caraballo*, 185 F. Supp.  2d 143 (D.P.R. 2002), as cases in which courts found "compelling reason" to temporarily release defendants due to the defendants' serious medical issues).   In deciding requests under § 3142(i), a court must "balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention. In turn, whether temporary release . . . is proper requires the individualized analysis of the facts

of each case." *United States v. Chambers*, No. 20-CR-135 (JMF), 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

Following this Court's prior determination, Defendant was evaluated by a nephrologist on May 6, 2020, and submits the doctor's notes following his telehealth consultation. Though the doctor acknowledges Defendant's medical condition, namely that he has only one kidney, the doctor opines that he cannot conclude that the Defendant would be "at higher risk of infection, severe infection, or [acute kidney infection ("AKI")] during COVID[-19] infection." The doctor further opines "if he [the Defendant] were to develop AKI with or without needing dialysis, he would be less likely to recover renal function." Such evidence fails to support a finding of a compelling medical reason warranting the temporary release of the Defendant. Accordingly, after due consideration of Defendant's unique circumstances, the Court adheres to its prior determination and the application is denied without prejudice. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 83.

Dated: May 27, 2020
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge