```
UNITED STATES DISTRICT COURT                 USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                DOCUMENT
                                             ELECTRONICALLY FILED
UNITED STATES OF AMERICA,                    DOC #: _____
                                             DATE FILED:  05/26/2022
    -against-                                19-CR-857-NSR-1

WILLIE SIMS,                                 ORDER

                    Defendant.
```

NELSON S. ROMÁN, United States District Judge:

On October 3, 2019, Defendant Willie Sims was arrested and has since been in federal custody. After he entered a guilty plea to a superseding information on September 25, 2020, the Court sentenced Defendant to 60 months' imprisonment on April 7, 2021. At the sentencing, the Court recommended that Defendant be designated to the FCI Otisville Camp or to a facility near Westchester County to facilitate family visitation, and that he also be allowed to participate in the BOP's Residential Drug Abuse Program ("RDAP"). On September 18, 2021, the Court issued its Final Judgment in this case. (ECF No. 222.)

Presently pending before the Court is Defendant's request for the Court to direct the Bureau of Prisons ("BOP") and the U.S. Marshals Service to designate and transfer him to a BOP facility. (ECF No. 255.) Therein, Defendant states that despite the Court having sentenced him over a year ago, the BOP has yet to designate him to a BOP facility for him to continue serving his 60-month sentence and be considered for the RDAP program. (*Id.* at 1.) Given the amount of time left on his sentence (approximately 29 months) and the time it takes to complete the RDAP program (about one year), Defendant contends that if the BOP does not designate him to one of its facilities as soon as possible, it may be too late for him to receive a reduction in his sentence to which he might be entitled upon successful completion of the RDAP program. (*Id.* at 2.)

Under 18 U.S.C. § 3621(b), "[a] sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the [BOP]." *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) (citing 18 U.S.C. § 3621(b); *United States v. Restrepo*, 999 F.2d 640, 644–45 (2d Cir.), *cert. denied*, 510 U.S. 954 (1993); *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993)). Thus, the Court has no authority here to order the BOP to designate Defendant to a specific BOP facility or to order his participation into the RDAP program.

However, in considering similar requests, some courts have issued orders compelling the BOP to promptly consider a defendant's eligibility for a Residential Re-Entry Center (RRC) in accordance with the factors in either 18 U.S.C. § 3621(b) or 18 U.S.C. § 3624(c)(2), whichever is appropriate based on the defendant's circumstances. *See, e.g.*, *United States v. Carrasco*, No. EP-19-CR-01957-DCG, 2021 WL 141273, at *3 (W.D. Tex. Jan. 15, 2021) (noting that while it lacks the authority to designate the place of an inmate's confinement, "the Court will nevertheless compel the BOP to consider Defendant's eligibility for RRC placement . . . ."); *United States v. Lowe*, 1:15CR11-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 16, 2019) (noting that while courts cannot order the BOP to place a defendant on home detention, they can still compel the BOP to consider the same); *United States v. Buckley*, No. 2:13-CR-00125-TLN, 2019 WL 3035554, at *2–*3 (E.D. Cal. July 11, 2019) (concluding that courts did not have authority under 18 U.S.C. § 3624(c)(2) to order defendants to be placed into home confinement or a RRC for the last six months of their sentence, but instead could only compel the BOP to consider if such an assignment was appropriate).

Accordingly, the Court DIRECTS the Bureau of Prisons to promptly consider and determine Defendant Willie Sims's designation to one its facilities and his eligibility to participate in a particular treatment program in accordance with the factors in 18 U.S.C. § 3621(b). The Court further DIRECTS the Government to file a written status report once the Bureau of Prisons designates Defendant Willie Sims to one of its facilities.

The Clerk of the Court is directed to terminate the motion at ECF No. 255.

Dated: May 26, 2022
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge